**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SIDNEY ARMSTRONG and**
**CHERYL ARMSTRONG,**

                  **Plaintiffs,**

**-vs-**                                            **Case No.  6:08-cv-1357-Orl-22GJK**

**JLG INDUSTRIES, INC., THE HERTZ**
**CORPORATION, HERTZ EQUIPMENT**
**RENTAL CORPORATION, and D.B.**
**CONSTRUCTION SERVICES, INC.,**

                  **Defendants.**
_____

## ORDER

This cause comes before the Court for consideration of Plaintiffs' Amended Motion to Remand (Doc. 19), to which Defendant JLG Industries, Inc. ("JLG") responded in opposition (Doc. 31). After carefully considering the matter, the Court determines that the motion should be **GRANTED**.

### I. BACKGROUND

This products liability case arose from an incident involving an aerial man lift device manufactured by Defendant JLG. Defendants The Hertz Corporation and Hertz Equipment Rental Corporation (collectively referred to as "Hertz") rented and sold the lift device to Plaintiff Sidney Armstrong's employer, Defendant D.B. Construction Services, Inc. ("D.B. Construction"), for use by its employees. On August 27, 2003, Mr. Armstrong was seriously injured by electrical shock when the copper tubing he was installing came into contact with overhead power lines while he was operating the lift device. He and his wife filed a lawsuit in state court asserting claims for strict

products liability and negligence against Hertz and JLG,[1] as well as a separate tort claim against his employer, D.B. Construction. Defendants removed the case to federal court, alleging that D.B. Construction, a Florida citizen, was fraudulently joined in the action in order to defeat diversity. The Armstrongs now seek to have the case remanded.

## II. REMAND STANDARD

The Constitution and Congress limit a federal court's jurisdiction by restricting the types of cases which the federal courts may hear. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). For this reason, statutes authorizing removal of actions to federal courts are strictly construed against removal. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Burns*, 31 F.3d at 1095 ("[R]emoval statutes are construed narrowly; where the plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand") (internal citations omitted).

A removing party must present facts establishing its right to remove. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). When the removing party fails to do so, remand is favored. *Id*. at 1321. Nevertheless, a federal court should "be cautious about remand, lest it erroneously deprive [a] defendant of the right to a federal forum." 14A Charles Wright, Arthur Miller & Edward H. Cooper, *Federal Practice and Procedure*, § 3721 at 218-19 (2d ed. 1985) ("Wright & Miller").

## III. ANALYSIS

---

[1] Armstrong's breach of implied warranty claim against JLG was previously dismissed by the state court. *See* Doc. 1, Attach. 5.

The Armstrongs set forth three grounds in support of remand: (1) the petition for removal was untimely; (2) there is not complete diversity of citizenship among all defendants; and (3) Defendant D.B. Construction was properly joined and, therefore, there is not complete diversity of citizenship between all plaintiffs and all defendants. The Court will address the last of these grounds first.

It is well established that for removal to be proper under 28 U.S.C. § 1441, "no defendant can be a citizen of the state in which the action was brought." *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (citing 28 U.S.C. § 1441(b)). However, "even if a named defendant is such a citizen . . . it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction" if the joinder of that defendant was fraudulent. *Id.* (internal citation omitted). In the Eleventh Circuit, joinder has been deemed fraudulent in three situations: (1) when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant; (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) where a resident shares no joint, several, or alternative liability with the nonresident defendants and the claim against the resident defendant has no real connection to the claims against the nonresident defendants. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

With respect to the first type of fraudulent joinder, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* at 1287 (internal citation and quotation omitted); *see also Tillman*, 253 F.3d at 1305; *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), superceded by statute on other grounds as stated in *Wilson v. Gen. Motors Corp.*, 888 F.2d 779 (11th Cir. 1989). "The plaintiff need not have winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid

cause of action in order for the joinder to be legitimate." *Triggs* 154 F.3d at 1287; *Tillman*, 253 F.3d at 1305 (accord).

In determining "whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal citation omitted); *see also Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989) ("In addressing the issue of fraudulent joinder, the district court should resolve all questions of fact and controlling law in favor of the plaintiff") (internal citation omitted); *Coker*, 709 F.2d at 1440 ("The district court must evaluate all factual issues and questions of controlling substantive law in favor of the plaintiff") (internal citation omitted).  A federal court should make "these determinations based on the plaintiff's pleadings at the time of removal; but the court may [also] consider affidavits and deposition transcripts submitted by the parties." *Crowe*, 113 F.3d at 1538 (internal citation omitted); *Cabalecta*, 883 F.2d at 1561 (recognizing that in addressing the issue of fraudulent joinder, a district court can consider any submitted affidavits and/or deposition transcripts).

It is important to note that "[w]hile the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b) . . . the jurisdictional inquiry must not subsume substantive determination." *Id.* (internal citation and quotations omitted).  Indeed, federal courts must be certain of their jurisdiction before "embarking upon a safari in search of a judgment on the merits." *Crowe*, 113 F.3d at 1538 (internal citations and quotations omitted).  As such, "[w]hen considering a motion to remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one

under state law." *Id.* (internal citation omitted). In other words, a "district court's authority to look into the ultimate merits of the plaintiff's claims must be limited to checking for *obviously fraudulent or frivolous claims*." *Id.* at 1542 (emphasis added).

In opposition to remand, JLG relies on a petition for permanent disability and supplemental benefits filed with the Office of the Judges of Compensation Claims by Mr. Armstrong on April, 8, 2008. *See* Doc. 31, Ex. A. Apparently, D.B. Construction, along with its workers' compensation carrier, Summit Consulting, Inc., responded to that petition, explaining that the requested benefits would, at least in part, be paid. *See id.*, Ex. E. In JLG's view, Mr. Armstrong's petition for, and subsequent receipt of, workers' compensation benefits from D.B. Construction's carrier constitutes an election of remedies which precludes the Armstrongs from pursuing a separate tort action against Mr. Armstrong's employer. Therefore, according to JLG, the Armstrongs' tort claim was instituted solely to join a non-diverse defendant in the action and thereby prevent removal to federal court.

Under Fla. Stat. § 440.11(1),[2] "[t]he liability of an employer [covered by the workers compensation provisions] shall be exclusive and in place of all other liability of such employer . . . to the employee . . . ." Fla. Stat. § 440.11(1) (2000). The Supreme Court of Florida has recognized that this provision provides immunity to employers from liability arising from the employer's negligence; however, "workers' compensation law does not protect an employer from liability for an intentional tort against an employee." *Turner v. PCR, Inc.*, 754 So. 2d 683, 687 (Fla. 2000), superceded by statute as stated in *Feraci v. Grundy Marine Const. Co.*, 315 F. Supp. 2d 1197, 1205

---

[2] Section 440.11(1) was substantially rewritten in 2003, but the amendment did not become effective until October 1, 2003, one month after Mr. Armstrong's injuries occurred. Therefore, the 2000 version of the provision governs this action.

-5-

n.11 (N.D. Fla. 2004).[3] This is where the doctrine of election of remedies, defined as "an application of the doctrine of estoppel on the theory that the one electing should not later be permitted to avail himself of an inconsistent course," *Williams v. Robineau*, 168 So. 644, 646 (Fla. 1936), comes into play. Indeed, in Florida, "[a] successful compensation claim . . . bars a subsequent damages suit." *Lowry v. Logan*, 650 So. 2d 653, 656 (Fla. 1st DCA 1995).

In applying the election of remedies doctrine, the Florida courts have fashioned a few rules. For instance, "[w]here the injured party actively pursues and receives workers' compensation benefits, an election of remedies is found." *Michael v. Centex-Rooney Const. Co., Inc.*, 645 So. 2d 133, 135 (Fla. 4th DCA 1994). However, "to constitute an election of remedies the workers' compensation remedy must be pursued to a determination or conclusion on the merits." *Wheeled Coach Indus., Inc. v. Annulis*, 852 So. 2d 430, 433 (Fla. 5th DCA 2003) (quoting *Lowry*, 650 So. 2d at 657.). "A mere acceptance by a claimant of some compensation benefits is not enough to constitute an election." *Lowry*, 650 So. 2d at 657; *accord Wishart v. Laidlaw Tree Serv., Inc.*, 573 So. 2d 183, 184 (Fla. 2d DCA 1991); *Velez v. Oxford Dev. Co.*, 457 So. 2d 1388, 1390 (Fla. 3d DCA 1984). Indeed, "[t]here must be evidence of a conscious intent by the claimant to elect the compensation remedy and to waive his other rights." *Lowry*, 650 So. 2d at 657; *accord Velez*, 457 So. 2d at 1390. Despite these rules, the Supreme Court of Florida recently recognized that "in the context of workers' compensation, the point upon which a worker's action with regard to a compensation claim

---

[3] The intentional tort exception to employer immunity was not made explicit in Fla. Stat. § 440.11(1) until October 1, 2003; however, the Florida Supreme Court recognized an implied intentional tort exception long before Mr. Armstrong was injured on the job. *See Turner*, 754 So. 2d at 687; *Eller v. Shova*, 639 So. 2d 537, 539 (Fla. 1993).

constitutes an election of the workers' compensation remedy to the exclusion of a civil action is not entirely clear." *Jones v. Martin Elec., Inc.*, 932 So. 2d 1100, 1105 (Fla. 2006).

In this case, the relevant facts before the Court are few. Mr. Armstrong filed a petition for disability and supplemental benefits on April 8, 2008. D.B. Construction responded to the petition on April 18, 2008, by stating that most, if not all, of the requested benefits would be paid by its workers' compensation carrier. Apparently, the case did not conclude there. Mediation was scheduled for August 13, 2008 and a final hearing was scheduled for September 3, 2008. *See* Doc. 1 at 3. There is no evidence now before the Court that Mr. Armstrong's claim has been finally determined or concluded on the merits, nor is there any evidence that Mr. Armstrong has made a conscious decision to elect the workers' compensation remedy and to waive all other rights. Indeed, it is at least arguable that at the time of removal,[4] he had not elected to pursue his workers' compensation remedy to the exclusion of a tort remedy, but had merely accepted some compensation benefits which were voluntarily provided to him by his employer's workers' compensation carrier. Therefore, the Court cannot conclude that the Armstrongs' tort claim against Mr. Armstrong's employer was fraudulently or frivolously pursued. Because D.B. Construction has not been fraudulently joined, and maintains the same state of citizenship as the plaintiffs, the case must be remanded for lack of subject matter jurisdiction.[5]

---

[4] The fraudulent joinder standard is applied to the pleadings as they existed at the time of removal. *Cabalceta*, 883 F.2d at 1561.

[5] As the Court has found that it lacks subject matter jurisdiction in this case, it need not address the remaining grounds for remand asserted by the Armstrongs. Furthermore, the Court declines JLG's invitation to dismiss the Armstrongs' intentional tort claim against D.B. Construction on the merits. *See* Doc. 31 at 7-8. The Eleventh Circuit has specifically cautioned district courts to "stop short of adjudicating the merits of cases that do not appear readily to be frivolous or fraudulent." *Crowe*, 113

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED** as follows:

1. Plaintiffs' Amended Motion to Remand (Doc. 19) is **GRANTED**.

2. This case is hereby **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. The Clerk shall take all necessary steps to effectuate this remand including forwarding a copy of this Order to that court. The Clerk is additionally directed to close the file.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on October 21, 2008.

*[signature]*
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Clerk of the Circuit Court of the Ninth Judicial Circuit
in and for Orange County, Florida (Case No. 07-CA-9574, Division 34)

---

F.3d at 1542. The Court has already found that the Armstrongs' tort claim is neither frivolous nor fraudulent, and, as such, must refrain from adjudicating the merits of the claim.